Gould, J.
There can be no doubt that, by the law of this State, the debt is the principal, and the mortgage" a mere security, appurtenant and secondary; and it is on this principle that this court (Kortright v. Cady, 21 N. Y., 343), held that a tender of the debt to the mortgagee or his assignee discharged the land of the lien of the mortgage.
It is also perfectly well settled here, that any legal transfer of the debt (by writing, or delivery, whichever is legally sufficient), draws after it the mortgage; and that, under such circumstances, a mere delivery of the mortgage is a good assignment of it.
In this case, there can be no pretence that (by any law, recording act or otherwise), Buckley & Clafflin procured any title to, or interest in, the bond. And without that, the actual holding of the mortgage (which they had not), would be merely idle; it would be a pledge for nothing, valueless.
The truth is, they saw fit to trust to Bedell’s word, that he owned and possessed the bond (with its collateral security); and upon that trust, they paid him for the bond, and took a written assignment of it and of the pledge that secured it. *13 In looking for the title to the security, they failed to look after the title to the principal; and they must abide the consequences of not taking the proper precaution of requiring the production and delivery of the bond. The recording act cannot be tortured into exercising any power over the sale of the bond.
The judgment should be reversed and a new trial ordered.
Denio, Ch. J., Davies, Wright, Selden and Sutherland, Js., concurred that the non-production of the bond and mortgage was such notice as to put the respondents on inquiry, and deprive them of the protection given by the recording acts to purchasers without notice: some of them thought the recording acts had no application to the case, but the court did not pass on that point.